UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ANASTASIA SINEGAL | CASE NO. 2:18-CV-01143 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LAKE CHARLES POLICE DEP'T, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 20] filed by defendants Joshua Ewing and Princeton Jackson, in response to the *pro se* civil rights complaint filed in this court by Anastasia Sinegal. Sinegal has not responded to the motion and her time for doing so has passed. Accordingly, the motion is regarded as unopposed and is now ripe for review.

### I.
### BACKGROUND

This suit arises from Sinegal's complaints about her treatment at Golden Nugget Casino in Lake Charles, Louisiana, on or about August 31, 2017. Specifically, Sinegal alleges that she was wrongfully ordered to leave the casino after complaining that the slot machines were rigged. When she refused to leave, she asserts, Lake Charles Police Department officers Joshua Ewing and Princeton Jackson arrested her at the casino's behest and used excessive force to subdue her. *See* doc. 1. Sinegal filed suit in this court under 42 U.S.C. § 1983 and Louisiana tort law against Golden Nugget, LLC; Golden Nugget security supervisor Mallory Bellard; the Lake Charles Police Department

("LCPD"); former LCPD Chief of Police Donald Dixon; and LCPD officers Ewing and Jackson.

On defendants' motions, the court dismissed all claims except those brought against Ewing and Jackson for (1) assault and battery under Louisiana tort law and (2) excessive force under § 1983. Docs. 16, 17. Ewing and Jackson now move for summary judgment on the remaining claims, asserting that their use of force against Sinegal was justified under the circumstances to overcome her resistance to a lawful arrest. Doc. 20; doc. 20, att. 1. They also assert that they are entitled to qualified immunity because their actions were objectively reasonable. *Id.* Sinegal, who is still unrepresented in this matter, has filed no response. Under the court's Notice of Motion Setting [doc. 21], her time for doing so has passed and so the summary judgment motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). When the motion is unopposed, the moving party retains its burden of showing that there is no genuine issue of material fact. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). Under the court's local rules, however, failure to file an opposition means that the moving party's statement of uncontested material facts is deemed admitted. Local Rule 56.2.

*B. Application*

*1. Excessive force standards*

Through 42 U.S.C. § 1983, Congress provides a damages remedy for plaintiffs whose constitutional rights are violated by state officials. *Ziglar v. Abbasi*, __U.S. __, 137 S.Ct. 1843, 1854 (2017). A police officer is liable under § 1983 for a Fourth Amendment violation if he uses excessive force in arresting the plaintiff. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). To maintain such a claim, a plaintiff must show that (1) she was seized and (2) suffered an injury (3) that resulted directly and exclusively from defendant's use of force, (4) which was objectively unreasonable and excessive to the needs of the situation. *Id.* (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)).

Under Louisiana law, "[e]xcessive force [in effecting an arrest] transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer . . . liable for damages." *Penn v. St. Tammany Par. Sheriff's Office*, 952 So.2d 874, 878 (La. Ct. App. 3d Cir. 2007). A law enforcement officer's use of force is held to a reasonableness standard, under which the court reviews the totality of circumstances and evaluates the officer's actions against those of an ordinary, prudent, and reasonable person in the same position and with the same knowledge as that officer. *Kyle v. City of New Orleans*, 353 So.2d 969, 972–73 (La. 1977). The court may consider several factors, including the known character of the arrestee and alternative means of restraint available to the officers. *Id.*

Sinegal alleges that Ewing and Jackson used undue force in restraining her, and that one of the officers punched her in the abdomen during the arrest. According to the arrest report prepared by Ewing, the officers were called by Golden Nugget security after Sinegal refused to leave the casino. Doc. 20, att. 5, p. 2. Upon their arrival Sinegal informed Ewing that the slot machine was faulty and that the casino was cheating. *Id.* at 3. Ewing gave Sinegal multiple verbal orders to leave the area with him, which she refused. *Id.* He grabbed Sinegal's left wrist and pulled her toward him while she resisted, then brought her down to the floor. *Id.* Jackson assisted by grabbing Sinegal's right wrist and Ewing handcuffed her behind her back. *Id.* When Ewing tried to raise Sinegal to a standing position, she resisted and then began shouting that she had injured her shoulder. *Id.* Jackson and Ewing responded to her request for medical attention by securing a wheelchair and calling an ambulance. *Id.* When the ambulance arrived, the paramedics determined that Sinegal did not need emergency care. *Id.* at 4–5. Sinegal signed a refusal of medical attention and Ewing arrested her again, moving her into the patrol car. *Id.* The officers then transported Sinegal to the police station, where she was released on a summons for charges of trespass and resisting arrest. *Id.* at 5.

The casino surveillance footage supplied by defendants could not be played by the court. The uncontroverted evidence in the arrest report, however, shows that Ewing and Jackson accomplished a lawful arrest using a reasonable amount of force, in light of Sinegal's continued resistance. Accordingly, they are entitled to summary judgment on the remaining claims in this action and there is no need to consider their qualified immunity assertions.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 20] will be **GRANTED** and the remaining claims in this suit will be **DISMISSED WITH PREJUDICE**.

THUS DONE in Chambers on this 22 day of July, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**